IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0044 (01) |
| | § | |
| LEONEL CRUZ-BARCENA | § | |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant LEONEL CRUZ-BARCENA has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion defendant's motion to vacate, set aside or correct sentence should be DENIED.

I.
PROCEDURAL HISTORY

On April 29, 2003, defendant was charged by indictment with the felony offense of illegal re-entry after deportation in violation of 8 U.S.C. § 1326(b)(2). The indictment recited defendant had been previously removed from the United States following commission of an aggravated felony.

At defendant's arraignment, held May 6, 2003, defendant was advised that the offense with which he was charged was punishable by imprisonment for up to twenty (20) years. On June 2, 2003, the Court rearraigned defendant, again advising defendant that the offense with which he was charged was punishable by imprisonment for up to twenty (20) years. Defendant then entered a

HAB55/R&R/CRUZ-BARCENA
(2:03-CV-0396)

plea of guilty to the charged offense and submitted to the Court a signed plea agreement and factual resume.  The plea agreement recited that the Court could sentence petitioner to a period of confinement for not more than twenty (20) years, and contained the following paragraph addressing the sentencing guidelines and the Court's discretion:

> The sentence in this case will be imposed by the Court pursuant to the United States Sentencing Guidelines.  The defendant has reviewed the application of the guidelines with his attorney, but understands no one can predict with certainty what guideline range will apply in this case until after a presentence investigation has been completed and the Court has ruled on the results of that investigation.  The defendant will not be allowed to withdraw his plea if the applicable guideline range is higher than expected, or if the Court departs from the applicable guideline range.
>
> The defendant understands that this plea agreement does not create a right to be sentenced within, or below, any particular guideline range, and fully understands that determination of the guideline range, as well as the actual sentence imposed (so long as it is within the statutory maximum), are solely in the discretion of the Court.

The plea agreement also recited that defendant's plea of guilty was freely and voluntarily made and not the result of force or threats, or of promises apart from those set forth in this plea agreement.  The plea agreement specifically noted there had been no guarantees or promises from anyone as to what sentence the Court would impose.  The signed factual resume also recited that the maximum penalty the Court could assess would be imprisonment for up to twenty (20) years, again noting defendant had been previously removed from the United States following his conviction for an aggravated felony.  At rearraignment, the Court confirmed that defendant had discussed with his counsel how the guidelines might affect him, and advised defendant that counsel could not tell him exactly what his guidelines would be.  After determining defendant was satisfied with counsel's representation of him, the Court accepted defendant's plea and plea agreement, directed the preparation of a Presentence Investigation Report (PSI), and scheduled defendant for sentencing.

  On July 2, 2003, the United States Probation Office prepared a PSI for defendant.  In the

Offense Level Computations, the PSI assigned a base offense level of 8 for defendant's offense, but added 16 levels, pursuant to USSG § 2L1.2(b)(1)(A)(vii),[1] because defendant was previously deported "after a conviction for a felony that is an alien smuggling offense committed for profit." After subtracting 3 offense levels for defendant's acceptance of responsibility for his offense, the total offense level of defendant's charged offense was 21.  This total offense level, considered in conjunction with defendant's Criminal History Category of II (a criminal history score of 2 was assessed as a result of defendant's prior illegal alien transportation conviction), resulted in a guideline range of imprisonment of 41 to 51 months.

On July 29, 2003, defendant's sentencing hearing was held, at which hearing defendant confirmed he reviewed the PSI with his counsel and an interpreter, and advised the Court that everything in the PSI was correct.  The Court sentenced defendant to a 41-month term of imprisonment with the following explanation:

> The Court has set your penalty at forty-one months.  Now, that's the very bottom of the guidelines.  That's the least that the Court can give you within the guidelines.  And although this is your second involvement in the federal system, it does appear to the Court that you illegally re-entered the United Stats in particular to pay for the medical treatment for your son, and the Court's considered that in setting the very bottom of the guidelines.

Defendant did not directly appeal his conviction or sentence.

## II.
## DEFENDANT'S ALLEGATIONS

In his motion to vacate, defendant contends his conviction and sentence were obtained in violation of the Constitution and Laws of the United States because:

   1.   Defendant was denied effective assistance of counsel because counsel

---

[1] That section provides that if the defendant previously was deported, or unlawfully remained in the United States, after an alien smuggling offense, the base offense level is increased by 16 levels.

        failed to explain to defendant that his prior conviction for alien smuggling for profit was an aggravated felony which would result in a 16-point level increase to his offense level computation; and

2.     Defendant's guilty plea was involuntary because counsel had estimated his sentence of imprisonment would be approximately two (2) years, rather than the 3-year and 5-month sentence he received, and had he known he would receive such sentence, he would not have pleaded guilty but, instead, would have gone to trial on the charged offense.

### III.
### MERITS

It is clear from the record that defendant was aware that he faced a possible sentence of up to twenty (20) years imprisonment. Defendant argues, however, that counsel's advice that he would receive a sentence of about two (2) years if he pleaded guilty was constitutionally deficient because he received a sentence greater than two (2) years, and that such constitutionally deficient performance prejudiced defendant because there is a reasonable probability that, but for counsel's misadvice, defendant would not have received this additional amount of time in prison.

Defendant does not allege his counsel *promised* him a particular sentence. If defendant were claiming counsel *promised* him a 2-year sentence, such claim is rebutted by the sentencing transcript and the Rule 11 colloquy between defendant and the district judge. Defendant, instead, contends counsel advised him that she anticipated sentencing "within the proximity of two years" if he entered a plea of guilty. Such an estimation, in and of itself, does not amount to ineffective assistance of counsel. Defendant argues, however, that had counsel properly advised him he would receive a sentence greater than two (2) years upon his plea, he would not have entered a guilty plea but, instead, would have "risked" going to trial.

If defendant had gone to trial and been found guilty he, at a minimum, would not have

received a 3-point reduction for acceptance of responsibility and, thus, would have been exposed to a sentence guideline range of 57-71 months – a range much greater than the 41-51 range he was exposed to as a result of his plea. Defendant has not demonstrated he was prejudiced in any was as a result of counsel's alleged error. If he had gone to trial and been found guilty, the 16-level increase for defendant's prior conviction would still have been assessed. Defendant has not shown there is a reasonable possibility that, but for counsel's alleged misadvice, the result of defendant's criminal proceeding would have been different and would have resulted in a more favorable outcome for defendant.[2]

Defendant's has not shown any right guaranteed him under the United States Constitution has been violated. Defendant's claims should be DENIED.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant LEONEL CRUZ-BARCENA should be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and

---

[2] This case is distinguishable from the cases of *United States v. Herrera*, 2005 WL 1367821 (5th Cir. June 10, 2005) and *United States v. Grammas,* 376 F.3d 433 (5th Cir. 2004). First, both *Herrera* and *Grammas* involved allegations that counsel misadvised the defendants of the maximum sentence he faced if he went to trial. Defendant Cruz-Barcena did not go to trial but, instead, pled guilty. Second, in both *Herrera* and *Grammas*, counsels' misadvice was not merely an estimation or prediction of sentence but, instead, was a definitive statement as to the maximum exposure each defendant faced at trial.

Recommendation to defendant and to each attorney of record by the most efficient means available.

 IT IS SO RECOMMENDED.

 ENTERED this 21st day of July 2005.

          _____
          CLINTON E. AVERITTE
          UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

 Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

 Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).